**Opinion issued July 14, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-00059-CR

_____

**ARMAND SHABBAZ COMB, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1805831**

## MEMORANDUM OPINION

A jury convicted Armand Shabbaz Comb of indecency with a child by exposure.[1] The jury answered "true" to two enhancement paragraphs and assessed

---

[1] *See* TEX. PENAL CODE § 21.11(a)(2)(A).

a punishment of 48 years in prison.[2]  The trial court's written judgment imposed the sentence as found by the jury, but also imposed a $100 fine, court costs, and reimbursement fees, which were later itemized in a criminal bill of costs.  Comb timely appealed.

Comb's counsel filed a brief arguing that no issues of reversible error exist and challenging the imposition of the fine, costs, and fees.  We affirm the judgment as herein modified and grant counsel's motion to withdraw.

### *Anders* Analysis

Comb's appointed counsel has filed a motion to withdraw, along with an *Anders* brief, stating that the record presents no reversible error and that the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967).

Counsel states in his brief that he has thoroughly reviewed the record and is unable to advance any ground of error that warrants reversal. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008); *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  Counsel's brief meets the *Anders* requirements because it presents a professional evaluation of the record and supplies this Court with references to the record and legal authority. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).

---

[2]     *See id.* §§ 12.34, 12.42(d).

Further, Comb's counsel informed this Court that he mailed a copy of the motion to withdraw and *Anders* brief to Comb and informed him of his right to access the appellate record and file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d at 408–09.[3]

Comb did not file a pro se response to the *Anders* brief.

The State filed a waiver of its right to file a response to the *Anders* brief.

We have independently reviewed the entire record in this appeal. *See Mitchell*, 193 S.W.3d at 155. We conclude that no reversible error exists in the record, that, except for the challenge to the fine, court costs, and fees, there are no arguable grounds for review, and that the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

## Fine, Court Costs, and Fees

Although not an arguable ground for reversal, Comb challenges the $100 fine, court costs, and reimbursement fees assessed in the judgment. Specifically, Comb argues that the fine should be stricken from the judgment because it was not orally

---

[3] Subsequently, this Court also notified Comb at his last known address of his right to access the record and file a response and provided a form motion to access the record. *See Kelly v. State*, 436 S.W.3d 313, 321–22 (Tex. Crim. App. 2014).

pronounced at his sentencing. He also contends that the bill of costs evidences the trial court's intent to waive the court costs and fees altogether. Comb requests that the Court modify the judgment to strike the $100 fine and to reflect a waiver of the court costs and reimbursement fees.

The State filed a waiver of its opportunity to respond to the *Anders* brief and therefore does not respond to these arguments.

Appellate courts have the authority to modify a trial court's judgment when the appellate record contains the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). This authority extends "to reform a judgment in an *Anders* appeal and to affirm that judgment as reformed." *Ledet v. State*, No. 01-22-00015-CR, 2022 WL 3589182, at *2 (Tex. App.—Houston [1st Dist.] Aug. 23, 2022, no pet.) (per curiam) (mem. op., not designated for publication) (quotation omitted).

Here, the record reflects that the judgment imposes a $100 fine. But the jury did not assess a fine. Nor did the trial court impose a fine when it orally pronounced Comb's sentence. Because a fine is punitive in nature, it must be included in a defendant's sentence and be orally pronounced in the defendant's presence. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). "When there is a conflict between

the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls." *Taylor*, 131 S.W.3d at 500.

Because the trial court did not orally pronounce a fine as part of Comb's sentence and the oral pronouncement controls over the judgment, the $100 fine was improperly included in the written judgment. *See id.*; *Rodriguez v. State*, — S.W.3d —, No. 01-23-00721-CR, 2025 WL 1373693, at *16 (Tex. App.—Houston [1st Dist.] May 13, 2025, pet. ref'd).

In addition, the judgment here orders the payment of court costs in the amount of $290 and reimbursement fees of $370. But prior to trial, the trial court declared Comb to be indigent. And the certified bill of costs reflects that the trial court "probated or waived" all costs and fees and reflects that the total amount Comb owed in this case is $0.

Court costs are not part of the defendant's sentence; rather, they are "a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Armstrong*, 340 S.W.3d at 766–67 (quotation omitted). Article 42.15(a-1) of the Code of Criminal Procedure provides that "during or immediately after imposing a sentence[,] . . . a court shall inquire on the record whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs." TEX. CODE CRIM. PROC. art. 42.15(a-1). "If the court determines that the defendant does not have sufficient resources or income to

5

immediately pay all or part of the fine and costs, the court shall determine whether the fine and costs should be . . . waived in full or in part under Article 43.091." *Id.* art. 42.15(a-1)(3).

In turn, article 43.091(c)(1) vests the trial court with discretion to waive payment of "all or part of the costs imposed on a defendant if the court determines that the defendant . . . is indigent or does not have sufficient resources or income to pay all or part of the costs." *Id.* art. 43.091(c)(1). "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Id.* art. 26.04(p); *see also Goldsmith v. State*, No. 01-24-00473-CR, 2025 WL 863783, at *3 (Tex. App.—Houston [1st Dist.] Mar. 20, 2025, no pet.) (mem. op., not designated for publication).

Because the trial court declared Comb to be indigent, he was eligible for a waiver of costs and fees. *See* TEX. CODE CRIM. PROC. arts. 42.15(a-1)(3), 43.091(c)(1); *see also Goldsmith*, 2025 WL 863783, at *3. Moreover, the evidence in the record reflects that the trial court "probated or waived" these costs and fees. In a similar case where the bill of costs likewise reflected that the trial court "probated or waived" costs and fees, despite costs and fees being imposed in the judgment, this Court modified the written judgment to include a special order stating,

6

"No costs assessed against [the defendant] due to the trial court's finding of indigency." *See Goldsmith*, 2025 WL 863783, at *3.

Because the $100 fine was not orally pronounced by the trial court at sentencing, we conclude that the trial court's judgment should be modified to strike this $100 fine. We further conclude that the judgment should be modified to reflect that no costs or fees were assessed against Comb due to the trial court's finding of indigency.

## Conclusion

We therefore modify the trial court's judgment to strike the $100 fine and to state "No costs or fees assessed against Armand Shabbaz Comb due to the trial court's finding of indigency." And we affirm the judgment as modified.

We further grant counsel's motion to withdraw.[4] *See* TEX. R. APP. P. 43.2(a). Attorney Allen C. Isbell must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

---

[4] Appointed counsel still has a duty to inform Comb of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review. *See id.* at 827 & n.6.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Rivas-Molloy and Guiney.

Do not publish. TEX. R. APP. P. 47.2(b).